SMITH, Judge.
A co-defendant’s statement incriminating herself and Davis was received in evidence in their joint trial, over Davis’ objection. Although the statement contained hearsay inadmissible against Davis, his counsel knew of the statement long before the trial and made no motion for severance until the trial was well under way. The motion for severance was untimely under Fla.R.Crim.P. 3.153,[1] but the trial court had discretion under the same rule to entertain the motion, which the court here did. Davis here contends that, having heard or “entertained” the motion in *206 midtrial, the court was powerless to do other than require the State then to elect as between (a) withdrawing its offer of the statement, (b) deleting its references to Davis, which would have excised significantly incriminating admissions by the declarant, or (c) severing Davis for another trial. Fla.R.Crim.P. 3.152(b)(2). See Davis v. State, 226 So.2d 257 (Fla. 2d DCA 1969).
Considering the untimeliness of the motion, the absence of circumstances mitigating its untimeliness, the absence of a practical way to excise the statement’s references to Davis without significantly detracting from admissible evidence against the declarant, and the independent evidence incriminating Davis much as did the hearsay, we find no reversible error. The jury was charged to consider the statement as evidence against the declarant only. To force other alternative dispositions on the trial court as a consequence of listening to the tardy motion would do no more than discourage “entertainment” of meritorious motions. An impermeable consciousness is not a judicial attribute. Unquestionably there are circumstances in which Rule 3.152(b)(2) requires a choice between its three alternative remedies even when the motion is late, but the trial court does not become bound to them, irrespective of other considerations, merely by hearing a tardy motion in midtrial. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) contemplates a pretrial motion for severance as the appropriate means for obtaining the relief sought, and does not require a different result.
Davis’ other points are without merit.
AFFIRMED.
McCORD, C. J., and RAWLS, J., concur.

. “(a) A defendant’s motion for severance of multiple offenses or defendants . . , shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for such a motion but the court in its discretion may entertain such a motion at the trial.”